IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

SCOTT READ, an Individual; BRUCE          )
and SUSAN NORTON, Husband and Wife; )          Case No. CV-08-99-E-BLW
BARBARA JEAN DUNBAR, an                   )
Individual, ALAN and CHRISTINE            )          **MEMORANDUM**
WILSON, Husband and Wife; EDWARD          )          **DECISION AND ORDER**
and PATRICIA CALL, Husband and Wife; )
PAUL and KIMBERLY MAPLES,                 )
Husband and Wife; MICHAEL and             )
CYNTHIA REGENNITTER, Husband and )
Wife; DENISE KAMENZIND, an                )
Individual; MARC and KAREN WHITE,         )
Husband and Wife; MICHAEL KIM, an         )
Individual; MIKE and PENNY PARK,          )
Husband and Wife; TIM PARKS, an           )
Individual; MAI HUYNH, an Individual;     )
and JANET YANG, an Individual,            )
                                          )
            Plaintiffs,                   )
                                          )
       v.                                 )
                                          )
TETON SPRINGS GOLF & CASTING              )
CLUB, LLC; JON PINARDI; ANTHONY           )
VEST; JIM EDEN; BILL WARD; RICK           )
BRAWNER; MIKE POTTER; PETER               )
SCHMIDT VENTURES; KEITH SELF;             )
NUWAY a/ka/ NUWAY PARTNERS and            )
a/k/a NUWAY DEVELOPMENT; J.T.             )
BRAMLETTE; RALPH BRINTON;                 )
AARON WERNLI; ROBERT McFADDEN;)
EAGLE RIVER MORTGAGE, INC.;               )
THOMAS A. SARTY; JOSEPH P.                )

**Memorandum Decision and Order – 1**

TIEDEKEN; HEADWATERS                        )
CONSTRUCTION, INC., f/k/a                    )
Teton SpringsConstruction Co.; BRYER        )
K. HASTINGS; STANTON L.                      )
MARSHALL; ALL SEASON RESORT                  )
REALTY, LLC, f/k/a Teton Springs             )
Realty, LLC; THOMAS L. CLINTON;              )
SARA ANDERSON; RIVER EDGE                     )
APPRAISAL SERVICE, LLC; CRAIG                )
SMITH; JOHN DOE COMPANY I-V,                 )
whose true name(s) are Unknown, are          )
 Business and/or Corporate Entities and are  )
the Corporate Entities that are and Have     )
Been Associated with, Employed by, and/or    )
 Were Agents of Defendants; JOHN DOE         )
I-V, whose true name(s) are Unknown, who     )
Have Been Associated with, Employed by,      )
and/or Were Agents of Defendants,            )
                                             )
              Defendants.                     )
_____)

## INTRODUCTION

The Court has before it Defendant Anthony Vest's Motion to Dismiss (Docket No. 127). The Court held oral argument on the motion on December 19, 2008. As explained during oral argument, and memorialized in the Court's earlier Docket Entry Order (Docket No. 138), the Court granted the motion with respect to the breach of contract claim and denied the motion with respect all other claims except the fraud claim, which was taken under advisement. This Memorandum Decision and Order will address the fraud claim.

**Memorandum Decision and Order – 2**

## ANALYSIS

### I.      Motion to Dismiss Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007).  However, a party alleging fraud must plead with particularity the factual circumstances constituting the alleged fraud.  See I.R.C.P. 9(b); *Country Cove Development, Inc. v. May*, 150 P.3d 288, 293 (Idaho 2006).

Still, a dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).  The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).  The issue is not whether plaintiff will prevail but whether he is entitled to offer evidence to support the claims. *See Hydrick v. Hunter*, 500 F.3d 978, 985 (9th Cir. 2007).

**Memorandum Decision and Order – 3**

## II.     Vest's Motion to Dismiss the Fraud Claim

The following "[n]ine elements must be proved to sustain an action for fraud: (1) a statement of fact; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity; (5) the speaker's intent to induce reliance; (6) the hearer's ignorance of the falsity of the statement; (7) reliance by the hearer; (8) the hearer's right to rely; and (9) consequent and proximate injury." *Country Cove Development,* 150 P.3d at 293.  In their Amended Complaint, Plaintiffs make sufficient allegations against Vest and other defendants with respect to these elements.

Specifically, Plaintiffs assert that Teton Springs, and Vest as its manager, were the developers of the subject subdivision in this case.  (Amended Compl. ¶ 4.2.)  Plaintiffs assert that Vest was responsible for setting overvalued prices for the lots and homes.  (Amended Compl. ¶ 4.4.)  Plaintiffs then allege that Vest directed others to make false statements about financials, risks, equity and other information about the lots and homes to potential buyers such as Plaintiffs.  (Amended Compl. ¶ 6.54.)  Plaintiffs contend that those other individuals in fact made false representations to Plaintiffs, and that the defendants knew the statements were false at the time they were made.  (Amended Compl. ¶ 6.53.)  Plaintiffs' alleged reliance on these statements in deciding to invest in Teton

**Memorandum Decision and Order – 4**

Springs supports their fraud allegation.  Under these circumstances, the Court finds that Plaintiffs have sufficiently alleged a fraud claim against Vest.  Accordingly, the Court will deny the motion to dismiss with respect to the fraud claim.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant Anthony Vest's Motion to Dismiss Plaintiffs' Fraud Claims against Vest (Docket No. 127) shall be, and the same is hereby, DENIED.

DATED:  **January 12, 2009**



Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order – 5**