IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SCOTT READ, et al., ) | |
| ) | Case Nos. CV-08-99-E-BLW |
| Plaintiffs, ) | CV-08-288-E-BLW |
| ) | |
| v. ) | |
| ) | **MEMORANDUM DECISION** |
| TETON SPRINGS GOLF & ) | **AND ORDER** |
| CASTING CLUB, LLC, et al. ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| ) | |
| CHRIS HAMABE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| TETON SPRINGS GOLF & ) | |
| CASTING CLUB, LLC, et al. ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## INTRODUCTION

The Court has before it Plaintiffs' Motion for Leave to File Plaintiffs'

Second Amended Complaint (Docket No. 220).  The Court has determined that

oral argument will not substantially assist the Court in its decision.  Therefore, the

Court will decide the motion based on the briefs.

**Memorandum Decision and Order – 1**

## ANALYSIS

Generally, a motion to amend is analyzed under Rule 15(a).  Rule 15(a) is a liberal standard and leave to amend "shall be freely given when justice so requires." See *AmerisourceBergen Corp. v. Dialysist West, Inc.,* 465 F.3d 946 (9th Cir. 2006).  However, where a party seeks to amend a pleading after the deadline to amend pleadings set forth in the court's scheduling order has passed, Rule 16(b)'s "good cause" standard applies.  *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir.1992).

Here, the Court entered its Case Management Order in the *Read* matter on October 6, 2008, setting the deadline for amendment of pleadings as December 29, 2008. Approximately two weeks later, before a Case Management Order was issued in the *Hamabe* matter, the Court consolidated the two cases for purposes of all pre-trial matters.  (See Docket No. 38 in *Hamabe* and Docket No. 116 in *Read*). In those orders, the Court specifically noted that the *Read* matter would be the lead case and that all future filings shall occur in *Read*.  Plaintiffs now suggest that because the two cases were consolidated for all pre-trial matters after the Court entered its Case Management Order in *Read*, the Case Management Order is somehow moot.  Plaintiffs therefore suggest that the Rule 15(a) standard should apply to their motion to amend.

By indicating that *Read* was the lead case where all future filings shall occur,

it should have been clear to Plaintiffs that the Case Management Order, issued only weeks before the consolidation, would remain in effect.  Moreover, subsequent rulings by the Court made clear that the Case Management Order remains in effect.  For example, on December 30, 2008, the Court stated in a Docket Entry Order that "[i]n its Case Management Order dated October 6, 2008, the Court set a deadline of December 29, 2008, by which the parties shall notify the Court of its ADR selection, if any."  (See Docket No. 145).  Plaintiffs made no objection to application of the Court's Case Management Order at that point. Finally, and most importantly, no orders have been entered which state that the Case Management Order no longer governs this matter.  Accordingly, the Court finds that the Court's October 6, 2008 Case Management Order continues to govern this matter.  Therefore, the Court will apply Rule 16(b) to Plaintiffs' Motion to Amend.

     However, even under Rule 16(b), the Court finds that Plaintiffs have met their burden in this case.  Rule 16(b)'s "good cause" standard involves an inquiry focusing on "the reasonable diligence of the moving party." *Noyes v. Kelly Services*, 488 F.3d 1163, 1174 n.6 (9th Cir. 2007) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992).

     Here, Plaintiffs suggest that only after a certain amount of discovery did they learn the extent to which the individuals named in the newly amended complaints were involved as representatives, agents, manages, etc. of Defendants.  Plaintiffs

**Memorandum Decision and Order – 3**

now seek to amend their complaints to add those individuals as defendants.

Defendants contend that the information learned in discovery could have been discovered prior to the deadline for amending pleadings based on review of the sales contracts, as well as more expedited discovery requests.  While, in hindsight, it may be true that Plaintiffs could have sought information related to these individuals somewhat sooner, the Court does not find that Plaintiffs did not act diligently in their discovery process.  Plaintiffs propounded discovery requests seeking the relevant information within a reasonable time after the commencement of discovery and as the case progressed.  Additionally, apparent conversations between counsel for the parties may have led to some confusion about the potential involvement of some of these individuals. (See McLean Aff.).  However, once Plaintiffs received official discovery responses regarding specific real estate transactions to which the individuals were involved, Plaintiffs moved to amend their complaints.

Moreover, the Court is not convinced that any delay caused by allowing the amendment would unduly prejudice defendants at this point.  Both the discovery cut-off date and the dispositive motion deadline are still six months out.  Diligent work on behalf of counsel from here forward, even with the addition of the new defendants, should allow the case to move forward within the remaining deadlines in the Court's Case Management Order.  Accordingly, the Court will grant the

motion.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiffs' Second Amended Complaint (Docket No. 220) shall be, and the same is hereby, GRANTED.

IT IS FURTHER ORDERED that the Second Amended Complaints, which were filed in both the *Read* matter and the *Hamabe* matter along with Plaintiffs' motion to amend, shall be deemed filed.

DATED: **August 11, 2009**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order – 5**