IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SCOTT READ, et al., | Case No. CV 08-99-E-EJL-REB |
| Plaintiffs, | |
| v. | **MEMORANDUM DECISION AND ORDER RE: PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM DEFENDANTS TETON SPRINGS GOLF & CASTING CLUB, LLC AND ANTHONY VEST** |
| TETON SPRINGS GOLF & CASTING CLUB, LLC, et al., | |
| Defendants. | |
| CHRIS HAMABE, et al. | **(Docket No. 232)** |
| Plaintiffs, | |
| v. | |
| TETON SPRINGS GOLF & CASTING CLUB, LLC et al., | |
| Defendants. | |

The Court has before it Plaintiffs' Motion to Compel Discovery from Defendants Teton
Springs Golf & Casting Club, LLC and Anthony Vest (Docket No. 232). Having carefully
reviewed the record, and otherwise being fully advised, the Court enters the following
Memorandum Decision and Order:

**MEMORANDUM DECISION AND ORDER- 1**

## BACKGROUND

Plaintiffs seek Defendants' insurance policies, including (1) Defendant Teton Springs Golf & Casting Club, LLC's commercial general liability policy and (2) Defendant Anthony Vest's homeowners' and umbrella policies. *See* Mem. in Supp. of Mot. to Compel, p. 4 (Docket No. 233). Originally, Defendants' disputed these policies' relevance and, therefore, production. However, while not waiving their relevance objections, Defendants later agreed to produce the policies following the parties' meet and confer efforts, as well as this Court's informal attempts at resolving the dispute. Still, the parties remain at loggerheads as evidenced by Plaintiffs' pending Motion to Compel.

## DISCUSSION

Any liability insurance policy that may be used to satisfy a potential judgment must be made available for inspection and copying as part of the insured party's initial disclosures. *See* Fed. R. Civ. P. 26(a)(1)(A)(iv). Here, Defendants did not produce the at-issue insurance policies as part of their initial disclosures or, for that matter, in response to Plaintiffs' discovery requests, believing they are not relevant to Plaintiffs' claims.

At this point, there appears to be little need to discuss the relevance of the at-issue insurance policies, particularly when, in response to Plaintiffs' Motion to Compel, Defendants reference previous interactions with the Court, while stating that they "remain willing to produce the policies subject to a protective order that gives [Defendants] an opportunity to object and requires Plaintiffs to obtain the Court's permission prior to direct contact [with Defendants' insurers]." *See* Opp. to Mot. to Compel, p. 6 (Docket No. 267). The Court is in no position to impose safeguards pursuant to a non-existent motion for protective order - assuming a protective

**MEMORANDUM DECISION AND ORDER- 2**

order is even warranted when taking into account FRCP 26(a)(1)(A)(iv)'s mandate regarding

insurance policies (*see supra* at p. 2).  However, the undersigned recognizes that he is not the

first to consider the parties' specific dispute; rather, it would appear that the parties previously

discussed the protocol for producing Plaintiffs' insurance policies with Judge B. Lynn Winmill's

staff attorneys, reaching an agreement on the policies' production, so long as certain conditions

precedent take place   With this backdrop, the question, then, relates to what conditions, if any,

should accompany Defendants' production.

      The parties maintain different interpretations regarding the product of their previous

meetings with the Court's staff attorneys.  On the one hand, Plaintiffs understood the Court to

require that Plaintiffs' counsel merely *notify* the Court before contacting any of Defendants'

insurers.  *See* Mem. in Supp. of Mot. to Compel, p. 9 (Docket No. 233).  In contrast, Defendants

understood that Plaintiffs would secure the Court's *permission* before contacting any of

Defendants' insurers.  *See* Opp. to Mot. to Compel, p. 3 (Docket No. 267).

      Notice, without more, provides hollow protection; in this respect, the Court agrees with

Defendants.  *See id*. at p. 4 ("Mere 'notice' without an opportunity for a Court determination of

whether direct contact is appropriate or permissible provides [Defendants] with no protection at

all.  Plaintiffs' counsel can, and certainly will, simply give 'notice' then immediately make

demands on [Defendants'] insurers that will compromise their coverage.").  Without

commenting here on (1) any general prohibition against contacting a party's insurer and, if so,

(2) Plaintiffs' counsel's motives with respect to contacting Defendants' insurers, or (3)

Defendants' alleged injury in such an event, the Court nonetheless finds it appropriate, given the

dialogue that has already taken place with the Court thus far, for Plaintiffs counsel to seek and

**MEMORANDUM DECISION AND ORDER- 3**

obtain the Court's consent before communicating with any of Defendants' insurers.  At that time, Plaintiffs can outline its legal support for contacting another party's insurance carrier alongside Defendants' response.  If Plaintiffs need an immediate ruling relative to this issue, they can certainly move the Court for consideration of any related motion on an expedited basis.  Regardless, Defendants will be given the opportunity to respond to any arguments raised by Plaintiffs.

Therefore, Plaintiffs' Motion to Compel is granted - Defendants are to produce the requested insurance policies within five court days of this Order.  If, as Defendants believe, these insurance policies are not relevant to the instant dispute, there will be no need for Plaintiffs' counsel to contact Defendants' insurers; however, if such a need arises, Plaintiffs are required to seek and gain the Court's permission before actually doing so.[1]

## ORDER

Based upon the foregoing, it is hereby ORDERED that Plaintiffs' Motion to Compel Discovery from Defendants Teton Springs Golf & Casting Club, LLC and Anthony Vest (Docket No. 232) is GRANTED.  Defendants shall produce the requested insurance policies within five court days of this Order.  Additionally, Plaintiffs are to seek and obtain the Court's

---

[1] Both Plaintiffs and Defendants also seek sanctions from one another related to the issues raised in Plaintiffs' Motion to Compel.  These requests are denied.  Plaintiffs' Motion to Compel is the unfortunate result of a misunderstanding of the type of agreement/stipulation the Court's staff attorney suggested during the parties' informal status conferences.  This is not the sort of conduct that warrants sanctions pursuant to FRCP 37.

Additionally, Plaintiffs request that this Court allow them "to subpoena the requested insurance information from Cincinnati Insurance Company . . . ."  *See* Mem. in Supp. of Mot. to Compel, p. 13 (Docket No. 233).  FRCP 45 permits Plaintiffs to subpoena materials from third-parties; unless Plaintiffs do so, and there is a corresponding motion to quash, the Court will not consider Plaintiffs' subpoena requests.

**MEMORANDUM DECISION AND ORDER- 4**

permission before contacting Defendants' insurers.  Finally, both Plaintiffs' and Defendants'

requests for sanctions are DENIED.



DATED:  **September 21, 2009**

_____
Honorable Ronald E. Bush
U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER- 5**