UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| SCOTT READ, et al.,<br><br>      Plaintiffs,<br><br>vs.<br><br>TETON SPRINGS GOLF & CASTING CLUB, LLC, et al.,<br><br>      Defendants. | Case No.: CV 08-CV-00099<br><br>**MEMORANDUM DECISION AND ORDER RE: DEFENDANTS RIVER'S EDGE APPRAISAL SERVICE, LLC'S AND CRAIG SMITH'S MOTION TO QUASH**<br><br>**(Docket No. 291)** |
| CHRIS HAMABE, et al.<br><br>      Plaintiffs,<br><br>vs.<br><br>TETON SPRINGS GOLF & CASTING CLUB, LLC, et al.,<br><br>      Defendants. | |

Currently pending before the Court is Defendants River's Edge Appraisal Service, LLC's and Craig Smith's (collectively "Defendants") Motion to Quash (Docket No. 291). Having carefully reviewed the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

**MEMORANDUM DECISION AND ORDER - 1**

**DISCUSSION**

On August 14, 2009, Defendants' counsel was served with a subpoena for the production of appraisal reports that, according to Defendants' counsel, includes appraisals of property owned by non-parties to this litigation. *See* Aff. Of Craig Smith, ¶ 5 (Docket No. 291, Att. 3). In support of their Motion to Quash, Defendants argue that (1) the subpoena seeks the disclosure of privileged and other protected material, (2) the subpoena seeks information specific to parties beyond the scope of this litigation, and (3) the appraisals for the property actually owned by the Plaintiffs in this litigation have already been produced in any event. *See* Mem. in Supp. of Mot. to Quash, p. 2 (Docket No. 291, Att. 1).

Plaintiffs' counter-arguments, if any, were due on or before October 8, 2009. *See* Text to Docket No. 291; *see also* Dist. Idaho Loc. Civ. R. 7.1(b). However, to date, Plaintiffs have submitted no such response.

While certain safeguards may be available to protect the production of privileged and/or protected materials in response to Plaintiffs' subpoena (if, in fact, the claimed privileges and/or protections even exist here), there is no evidence in the record that the information Plaintiffs seek is relevant, as that term is contemplated by FRCP 26(b)(1)[1] - particularly when considering that (1) certain requested information relates to non-parties and (2) Plaintiffs are already in receipt of the appraisals specific to the litigants in this case. Thus far, Plaintiffs' failure to respond to Defendants' efforts to quash Plaintiffs' subpoena does little to dismiss these reasons supporting

---

[1] Under FRCP 26(b)(1), "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *See* Fed. R. Civ. P. 26(b)(1).

**MEMORANDUM DECISION AND ORDER - 2**

Defendants' Motion to Quash. With this in mind, Defendants' Motion to Quash will be granted at this time.

By granting Defendants' Motion to Quash, the Court is not stating that Plaintiffs are forever barred from pursuing such information through discovery. Rather, Plaintiffs are certainly permitted to renew their subpoena, requesting more focused information or, alternatively, requesting the same information while providing the Court with arguments supporting their need and legal justification for the same. Based upon the current record, however, there appears to be no reason to deny Defendants' Motion to Quash at this time.[2]

## ORDER

Based upon the foregoing, IT IS HEREBY ORDERED that Defendants River's Edge Appraisal Service, LLC's and Craig Smith's Motion to Quash (Docket No. 291) is GRANTED.

DATED: **October 15, 2009**

Honorable Ronald E. Bush
U. S. Magistrate Judge

---

[2] In granting Defendants' Motion to Quash, the Court is making no substantive ruling on either the discoverability or admissibility of the information sought through Plaintiffs' subpoena.

**MEMORANDUM DECISION AND ORDER - 3**