# UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| SCOTT READ, et al., | Case No.:  CV 08-CV-00099 |
| Plaintiffs, | **MEMORANDUM DECISION AND ORDER RE: DEFENDANTS RIVER'S EDGE APPRAISAL SERVICE, LLC'S AND CRAIG SMITH'S MOTION TO QUASH** |
| vs. | |
| TETON SPRINGS GOLF & CASTING CLUB, LLC, et al., | |
| Defendants. | **(Docket No. 291)** |
| | |
| CHRIS HAMABE, et al., | |
| Plaintiffs, | |
| vs. | |
| TETON SPRINGS GOLF & CASTING CLUB, LLC, et al., | |
| Defendants. | |

Currently pending before the Court is River's Edge Appraisal Service, LLC's and Craig Smith's (collectively "River's Edge") Motion to Quash (Docket No. 291).[1]  Having carefully reviewed the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

---

[1]  River's Edge Appraisal Service, LLC and Craig Smith were originally Defendants to this action but have apparently "entered into mutual releases with Plaintiffs and been dismissed with prejudice from this litigation."  *See* Pls.' Resp. to Mot. to Quash, p. 3 (Docket No. 299).

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

According to Plaintiffs, Defendant Teton Springs Golf & Casting Club, LLC ("Teton Springs") and its marketing agent, Defendant NuWay, marketed homes to Plaintiffs as containing "instant equity" of $300,000 to $400,000 based upon representations that appraisals were "coming in" at around $1,400,000.  *See* Pls.' Resp. to Mot. to Quash, p. 2 (Docket No. 299).  Plaintiffs claim that these representations contributed to their purchasing lots and homes from Defendant Teton Springs "for upwards of $1,000,000 each."  *See id.*

To verify that such appraisals actually existed when Defendants Teton Springs and NuWay were marketing the at-issue lots/homes to Plaintiffs, Plaintiffs' counsel served a subpoena upon River's Edge, requesting:

> 1.       Any and all Appraisal Reports performed for homes in the Mountain Meadows subdivision of the Teton Springs development in Victor, Idaho.
>
> 2.       Any and all documents provided to you in connection with or to assist in your performance of appraising the Mountain Meadows subdivision of the Teton Springs development in Victor, Idaho.

*See* Subpoena for the Prod. of Docs., p. 2, attached as Ex. 3 to McLean Aff. at ¶ 6 (Docket No. 298, Att. 3).

Now, in support of their Motion to Quash, River's Edge argues that (1) the subpoena seeks the disclosure of privileged and other protected material, (2) the subpoena seeks information specific to parties beyond the scope of this litigation, and (3) the appraisals for the property actually owned by the Plaintiffs in this litigation have already been produced in any event.  *See* Mem. in Supp. of Mot. to Quash, p. 2 (Docket No. 291, Att. 1).

**MEMORANDUM DECISION AND ORDER - 2**

**DISCUSSION**

In general, parties may obtain discovery regarding any unprivileged matter relevant to a claim or defense of any party. *See* Fed. R. Civ. P. 26(b)(1). To be relevant, information need not be admissible at trial; it need only be reasonably calculated to lead to the discovery of admissible evidence. *See id.* FRCP 45 provides specific guidance to the Court regarding limitations on subpoenas. Pursuant to the Rule, the Court shall quash or modify a subpoena if it:

    (1)    fails to allow a reasonable time to comply;

    (2)    requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person – except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

    (3)    requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

    (4)    subjects a person to undue burden.

*See* Fed. R. Civ. P. 45(c)(3)(A)(i-iii). Here, the parties do not dispute the applicability of Rules 26 and 45 of the Federal Rules of Civil Procedure. Suffice it to say, resolution of River's Edge's Motion to Quash turns largely[2] on whether the requested materials are relevant to the claims or

---

[2] River's Edge claims that Plaintiffs' subpoena requests the disclosure of confidential information "in contravention of the regulatory guidelines [the National Uniform Standards of Professional Appraisal Practices] controlling the disclosure of appraisals in both Wyoming and Idaho." *See* Mem. in Supp. of Mot. to Quash, pp. 2-3 (Docket No. 291, Att. 1); *see also* Craig Smith Aff., ¶ 5 (Docket No. 291, Att. 3). River's Edge, however, appears to acknowledge that, even when assuming the application of such protections, they can be accounted for through the redaction of any sensitive information. *See* Mem. in Supp. of Mot. to Quash at fn. 1, p. 4 (Docket No. 291, Att. 1). It would seem that the point here are the appraisals, not the personal, identifying information of particular individuals. Therefore, to the extent any disclosure of relevant information is warranted, steps can and should be taken to protect confidential information. *See supra* at pp. 6-7.

**MEMORANDUM DECISION AND ORDER - 3**

defenses raised in the instant litigation - that is, again, information reasonably calculated to lead to the discovery of admissible information.  *See* Fed. R. Civ. P. 26(b)(1).[3]  In this respect, both Plaintiffs and River's Edge cite favorably to *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) in support of their respective positions, focusing on *Wiwa's* requirement that the "relevance of the information requested" be taken into account.  *See* Pls.' Resp. to Mot. to Quash, p. 4 (Docket No. 299); see also Reply in Supp. of Mot. to Quash, p. 3 (Docket No. 310).

Plaintiffs claim that the requested appraisals are important to show the basis, if any, for Defendants' representations when marketing the properties to Plaintiffs.  *See* Pls.' Resp. to Mot. to Quash, p. 6 (Docket No. 299) ("If, as Plaintiffs suspect, no appraisal reports were created prior to Plaintiffs' [appraisals] themselves, then Defendants Vest and Teton Springs, through NuWay, affirmatively misrepresented material facts to Plaintiffs and made the statements with absolutely no factual bases.  Accordingly, the documents are not only relevant, but provide great probative force to this case.").

River's Edge, however, questions Plaintiffs' need for any appraisals after the alleged representations took place - March 30, 2006 (*see, e..g.*, 3/30/2006 email, attached as Ex. 1 to McLean Aff. at ¶ 4 (Docket No. 298, Att. 3)).[4]  *See* Reply in Supp. of Mot. to Quash, p. 4 (Docket No. 310) ("If Plaintiffs[ ] have a question whether Mr. McFadden was relying on appraisals as early as March 30, 2006, why is it necessary to obtain appraisals performed by

---

[3]  River's Edge, in turn, argues that "the production of the [materials requested in the] subpoena would present an unreasonable burden in that the appraisals for properties owned by non-parties to this litigation would have no relevance to the issues pending in the instant litigation."  *See* Mem. in Supp. of Mot. to Quash, p. 3 (Docket No. 291, Att. 1).

[4]  It is unclear to the Court whether the March 30, 2006 e-mail represents a mere example of the representations made to Plaintiffs or the specific date of said representation(s).

**MEMORANDUM DECISION AND ORDER - 4**

River's Edge Appraisal Service, LLC beyond March 30, 2006?  At that time, Mr. McFadden was

allegedly already making the misrepresentations concerning the question of instant equity.").

Moreover, according to River's Edge, its first appraisal for the Mountain Meadows Subdivision

took place on April 13, 2006, well after the alleged misrepresentations occurred; "[a]s such,

Plaintiffs already [have] the answer to the question whether [River's Edge] performed any

appraisals on which Nu[W]ay could have relied for purposes of marketing this particular

subdivision prior to March 30, 2006."  *See id.* at p. 2.[5]

It would seem, based upon the representations made within River's Edge's briefing, that,

indeed, Plaintiffs have already been provided with information helpful to its stated claims here;

specifically, the fact that River's Edge's first appraisal for the Mountain Meadows subdivision

took place in April 2006 - after Mr. McFadden's alleged misrepresentations.  Still, it cannot be

said that the overall balance of River's Edge's appraisals (and any documentation provided to

River's Edge related to the appraisals) are not relevant to the instant action.  These appraisals,

regardless of when they were issued in relation to any alleged misrepresentations, provide the

landscape for the work performed by River's Edge which, in turn, presumably was relied upon

by Teton Springs, NuWay, and/or its agents when marketing the homes and lots to Plaintiffs.  In

the Court's mind, the appraisals themselves, and the information provided to River's Edge

preceding and following these same appraisals, are reasonably calculated to lead to the discovery

---

[5]  The Court is not persuaded by River's Edge's alternate argument that Plaintiffs have
not deposed Mr. McFadden "to discuss with him on what basis he made certain statements, if
any[,] concerning instant equity in those properties sold through Nu[W]ay in the Mountain
Meadows subdivision."  *See* Reply in Supp. of Mot. to Quash, p. 4 (Docket No. 310).  It would
not be unexpected if Plaintiffs' counsel's preparation for Mr. McFadden's anticipated deposition
necessitates the discovery of satellite information, including River's Edge's appraisals for the
Mountain Meadows subdivision, if any.

**MEMORANDUM DECISION AND ORDER - 5**

of admissible evidence relative to the claims asserted here and, therefore, will be allowed.

River's Edge Motion to Quash is denied.[6]

River's Edge's concern over violating any industry guidelines are now obviated by this

Memorandum Decision and Order.  *See, e.g.*, Mem. in Supp. of Mot. to Quash, p. 3 (Docket No.

291, Att. 1).  Additionally, the concern over confidentiality of particular details of the appraisals

that identify the purchasers of the properties and the financial particulars of their transactions, is

an illusory concern in the circumstances of this case, at least as to those purchasers who are

Plaintiffs in this consolidated case, represented by the same law firm.  These Plaintiffs have

chosen to pursue their individual claims in a collective manner, asserting identical legal theories

and choosing to be represented by the same law firm.  That law firm has propounded discovery

requests on behalf of each of the Plaintiffs, seeking particular appraisal information that relates

to the individual Plaintiffs in part, but in doing so, the argument is made that the information is

necessary to prosecute the common legal claims that Plaintiffs have collectively raised.  In that

setting, there is no genuine issue of confidentiality; rather, the Plaintiffs have essentially agreed

to share such information for the common purpose.

As to the affected persons who are not Plaintiffs, however, that implicit waiver of a

confidentiality issue does not hold true.  Therefore, where the requested appraisals speak to non-

---

[6]  River's Edge also argues that, (1) requiring a non-party to provide the requested
information, (2) engage in a protracted effort to redact confidential information, and (3) risking
liability in the event of inadvertent disclosure amounts to a significant "expense and
inconvenience to them," thus justifying their Motion to Quash.  *See* Reply in Supp. of Mot. to
Quash, pp. 4 & 5 (Docket No. 310).  There is no evidence in the record, however, of significant
hardship in the event the requested information is produced, even in redacted form.  Further, any
risk of liability for disclosure can be accounted for by a stipulated protective order, containing
attorneys' eyes only provisions, claw-back provisions, and/or any other protections the parties
feel are necessary.

**MEMORANDUM DECISION AND ORDER - 6**

parties, safeguards can be provided through agreed-upon redactions and/or a stipulated protective order (*see supra* at n. 6, p. 6) between the parties.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that River's Edge Appraisal Service, LLC's and Craig Smith's Motion to Quash (Docket No. 291) is DENIED. The requested information is to be produced; however, to the extent the requested materials contain confidential information, the parties are to coordinate the level of redaction and/or whether a stipulated protective order is necessary. In the event the parties cannot reach an agreement on the issue(s) surrounding the need for redacting confidential information, either party may move the Court for a related ruling. Costs and fees associated with any subsequent, related filing may be awarded to the prevailing party.[7]

DATED:  **November 4, 2009**



_____
Honorable Ronald E. Bush
U. S. Magistrate Judge

---

[7] The Memorandum Decision and Order supercedes the October 15, 2009 Memorandum Decision and Order (Docket No. 308).

**MEMORANDUM DECISION AND ORDER - 7**