# UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| SCOTT READ, et al., | Case No.:  CV 08-CV-00099 |
| Plaintiffs, | **REPORT AND RECOMMENDATION RE: DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SIXTH CAUSE OF ACTION** |
| vs. | |
| TETON SPRINGS GOLF & CASTING CLUB, LLC, et al., | **(Docket No. 210)** |
| Defendants. | |
| CHRIS HAMABE, et al. | |
| Plaintiffs, | |
| vs. | |
| TETON SPRINGS GOLF & CASTING CLUB, LLC, et al., | |
| Defendants. | |

Currently pending before the Court is Defendants' (All Seasons Resort Realty, f/k/a Teton Springs Realty, LLC, and Sara Anderson) Motion to Dismiss Plaintiffs' Sixth Cause of Action (Docket No. 210).  Having carefully considered the record and otherwise being fully advised, the Court enters the following Report and Recommendation:

**REPORT AND RECOMMENDATION - 1**

## BACKGROUND

Plaintiffs' Amended Complaint asserted six causes of action, including negligent misrepresentation - Plaintiffs' Sixth Cause of Action.  *See* Am. Compl. at ¶¶ 555-561 (Docket No. 152, Att. 2).  On June 8, 2009, Defendants moved to dismiss this claim, arguing that "Idaho does not recognize negligent misrepresentation in the factual setting of claims involving real estate brokerages or real estate professionals" and, therefore, Plaintiff's Sixth Cause of Action is without merit."  *See* Defs.' Memo. in Supp. of Mot. to Dismiss, p. 2 (Docket No. 210, Att. 1).

On June 25, 2009, Plaintiffs moved for leave to file their Second Amended Complaint. *See* Motion for Leave to File Pls.' Second Am. Compl. (Docket No. 220).  The proposed Second Amended Complaint did not have a negligent misrepresentation claim; instead, as the Sixth Cause of Action, Plaintiffs asserted only a negligence claim.  *See* Pls.' Second Am. Compl. at ¶¶ 6.57-6.59 (Docket No. 219 & 276).  On August 11, 2009, Chief U.S. District Judge B. Lynn Winmill granted Plaintiffs' Motion for Leave to File Plaintiffs' Second Amended Complaint. *See* 8/11/09 MDO (Docket No. 268).  As a consequence, on August 27, 2009, the undersigned issued a Docket Entry Order, requesting the parties' input as to the status of Defendants' Motion to Dismiss, stating:

> On August 11, 2009, U.S. District Judge B. Lynn Winmill granted Plaintiffs' Motion for Leave to File Plaintiffs' Second Amended Complaint (Docket No. 268).  Plaintiffs' Second Amended Complaint does not contain a claim for Negligent Misrepresentation, thus calling into question the merits of Defendants' previously-filed Motion to Dismiss (Docket No. 210).  On or before September 4, 2009, Defendants are to file and serve an update, discussing the status of their Motion to Dismiss and whether it still requires the Court's resolution.  Plaintiffs are to respond to Defendants' submission, if any, on or before September 11, 2009.  The Court will then resolve the outstanding Motion to Dismiss.

*See* 8/27/09 DEO (Docket No. 278).

**REPORT AND RECOMMENDATION - 2**

On September 4, 2009, Defendants submitted their response to the Court's August 27, 2009 Docket Entry Order.  *See* Defs.' Response (Docket No. 281).  There, Defendants argued that their Motion to Dismiss was not moot, claiming that the allegations supporting Plaintiffs' negligence claim nonetheless "describe a claim which is based on negligent misrepresentation." *See id*. at p. 2; *see also id*. at p. 3 ("Because the Complaint seeks relief under a theory of negligent misrepresentation, the Defendants' earlier motion to dismiss is not moot and should be ruled upon by the court.").

Plaintiffs did not respond; however, on October 2, 2009, Plaintiffs moved for leave to file their Third Amended Complaint.  *See* Pls.' Motion for Leave to File Pls.' Third Am. Compl. (Docket No. 302).  Again, the proposed Third Amended Complaint does not have a negligent misrepresentation claim; rather, now as the Second, Third, and Fourth Causes of Action, Plaintiffs assert negligence, negligence per se, and gross negligence claims.  *See* Pls.' Third Am. Compl. at ¶¶ 6.4-6.7; 6.8-6.13; 6.14 (Docket No. 306).  Defendants oppose Plaintiffs' latest efforts to amend, arguing, in part, that Plaintiffs' current negligence-related claims still cannot withstand the arguments raised in Defendants' original Motion to Dismiss.  *See* Defs.' Mem. in Opp. to Mot. for Leave to File Pls.' Third Am. Compl., pp. 19-20 (Docket No. 316).

## REPORT

The Court understands Defendants' arguments relative to their Motion to Dismiss to likewise be present in opposing Plaintiffs' recent amendment attempt.  With that in mind, the Court finds that Defendants' arguments in favor of dismissal are subsumed by their arguments in opposition to Plaintiffs' Third Amended Complaint.  Thus, for efficiency's sake, and to encourage a more complete discussion of the viability of Plaintiffs' negligence-related claims (as

**REPORT AND RECOMMENDATION - 3**

well as other claims for relief within Plaintiffs' Third Amended Complaint), the Court will address Defendants' arguments raised in their Motion to Dismiss when resolving Plaintiffs' Motion for Leave to File Plaintiffs' Third Amended Complaint.[1]  As a result, Defendants' Motion to Dismiss is denied without prejudice.  In the event the Court's resolution of Plaintiffs' pending Motion for Leave to File Plaintiffs' Third Amended Complaint does not address Defendants' arguments vis a vis Plaintiffs' negligence-related claims, Defendants are free to renew their Motion to Dismiss at a later time.

**RECOMMENDATION**

Based upon the foregoing, IT IS HEREBY RECOMMENDED that Defendants' Motion to Dismiss (Docket No. 210) be DENIED WITHOUT PREJUDICE.  In the event the Court's resolution of Plaintiffs' pending Motion for Leave to File Plaintiffs' Third Amended Complaint does not address Defendants' arguments as to Plaintiffs' negligence-related claims, Defendants are free to renew their Motion to Dismiss at a later date.[2]



DATED:  **February 17, 2010**

_____
Honorable Ronald E. Bush
U. S. Magistrate Judge

---

[1]  The Court is mindful of the different standards that may apply when considering a motion to dismiss, as compared to a motion to amend.  Ultimately, however, the same, central issues are present; that is, whether the same theory is being pled in an amended pleading and, if so, whether a claim under such a theory exists under Idaho law.

[2]  Following this Report and Recommendation, the Court will request a joint status report from counsel, outlining the pending matters assigned to the undersigned and, preferably, the agreed-upon sequence for resolving the remaining motions.

**REPORT AND RECOMMENDATION - 4**