**UNITED STATES DISTRICT COURT**
**DISTRICT OF IDAHO**

| | |
|---|---|
| SCOTT READ, et al., | Case No.: CV 08-CV-00099 |
| Plaintiffs, | |
| vs. | **MEMORANDUM DECISION AND ORDER RE:** |
| TETON SPRINGS GOLF & CASTING CLUB, LLC, et al., | **Plaintiffs' Motion to Strike All Season Defendants' Supplemental Statement of Facts** |
| Defendants. | **(Docket No. 441)** |
| CHRIS HAMABE, et al. | **Defendant Thomas A. Sarty's Motion to Strike** |
| Plaintiffs, | **(Docket No. 443)** |
| vs. | **Defendant All Seasons' Motion to Strike Exhibits 2, 3, 6, 8-24, & 30 From the Affidavit of Mark McLean and Attachments to Plaintiffs' Statement of Facts** |
| TETON SPRINGS GOLF & CASTING CLUB, LLC, et al., | |
| Defendants. | **(Docket No. 458)** |

Currently pending before the Court are nine motions, seven of which are scheduled for hearing on December 15, 2010. The Court will take this opportunity to resolve three of the pending motions before December 15, 2010 in an attempt to focus the parties and the Court on larger, more substantive issues during the hearing. Therefore, having carefully reviewed the

**MEMORANDUM DECISION AND ORDER - 1**

record and otherwise being fully advised, the Court issues the following Memorandum Decision and Order:

## BACKGROUND

While there are many moving parts to this action, since the beginning, the general backdrop to Plaintiffs' claims relate to the development, marketing, purchase, sale, and construction of 28 lots and homes in the "Teton Springs" real estate development in Victor, Idaho. The nuanced specifics of such claims are not necessarily important to the Court's resolution of the few motions now orbiting the more significant dispositive motions that are currently pending; as a consequence, particular facts will not be discussed in detail here. Suffice it to say, as purchasers of the above-referenced 28 lots and homes, Plaintiffs take issue with the alleged manner in which Defendants' marketed and sold those properties. Defendants, in turn, deny these allegations, contending, further, that Plaintiffs themselves were integral players in an investment scheme that ultimately backfired.

## ANALYSIS

In triaging the various motions set for hearing on December 15, 2010, the undersigned attempted to consider up-front those motions capable of resolution on the briefing alone - the low-hanging fruit, if-you-will. While not discounting the importance of such motions, with their early consideration and disposition, it is the Court's hope that the scheduled hearing can be devoted mostly to the core issues making up the parties' respective claims and defenses. With this in mind, the following motions are resolved here:

- Plaintiffs' Motion to Strike All Season Defendants' Supplemental Statement of Facts
(Docket No. 441)

**MEMORANDUM DECISION AND ORDER - 2**

- Defendant Thomas A. Sarty's Motion to Strike
  (Docket No. 443)

- Defendant All Seasons' Motion to Strike Exhibits 2, 3, 6, 8-24, & 30 From the
  Affidavit of Mark McLean and Attachments to Plaintiffs' Statement of Facts
  (Docket No. 458)

I.    **Plaintiffs' Motion to Strike All Season Defendants' Supplemental Statement of Facts**
      **(Docket No. 441)**

On March 15, 2010, All Seasons filed its Motion for Summary Judgment (Docket No.

394). Contemporaneous with its Motion for Summary Judgment, All Seasons also filed its 18-

page Statement of Undisputed Facts (Docket No. 394, Att. 1). At paragraph 12 of its Statement

of Undisputed Facts, All Seasons stated in relevant part:

> Had the plaintiffs provided accurate and truthful information in their loan
> applications, they would not have been approved for financing by either First
> Horizon, National City Bak or Aegis. *See* Affidavit of First Horizon (to be
> supplemented) . . . .

*See id.* at p. 10, ¶ 12. Plaintiffs did not object to All Seasons' March 15, 2010 Statement of

Undisputed Facts.

On March 24, 2010, this Court addressed Teton Springs' Motion to Extend Discovery

(Docket No. 386) to accommodate the testimony (via deposition or affidavit) of MetLife Home

Loans f/k/a First Horizon Home Loans. *See* Order (Docket No. 418). The Court granted Teton

Springs' Motion, outlining the following protocol:

> On or before April 7, 2010, Defendants are to secure (via deposition (with all
> interested parties' participation) or affidavit) MetLife's testimony - the discovery
> deadline is therefore extended in this limited respect only. Defendants are, in turn,
> permitted to file a 5-page supplement to their existing Motion for Partial Summary
> Judgment . . . on or before April 14, 2010 - the dispositive motion deadline is
> therefore extended in this limited respect only.

*See id.* at pp. 3-4. Likewise, in response to a March 30, 2010 Stipulation (Docket No. 422), on

March 31, 2010, the Court reiterated that "Defendants are permitted to supplement the motions

**MEMORANDUM DECISION AND ORDER - 3**

[for summary judgment], limited to five (5) pages, by April 14, 2010. *See* Order (Docket No. 423).

On April 14, 2010, Teton Springs filed the two-page Affidavit of Peggy M. Mullins, containing information based upon her personal knowledge relating to "the practices and policies of First Horizon Home Loans, a division of First Tennessee Bank National Association, successor in interest by merger to First Horizon Home Loan Corporation . . . ." *See* Mullins Aff. (Docket No. 434). Plaintiffs did not object to the filing of Ms. Mullins's Affidavit.

On April 20, 2010, All Seasons filed an 18-page Supplemental Statement of Undisputed Facts (Docket No. 438). All Seasons' April 20, 2010 Supplemental Statement of Undisputed Facts is identical in nearly every respect to its original, March 15, 2010 Statement of Undisputed Facts, except as to paragraph 12, which reads:

> Had the plaintiffs provided accurate and truthful information in their loan applications, they would not have been approved for financing by either First Horizon, National City Bak or Aegis. *See* Affidavit of Peggy Mullins . . . .

*See id.* at p. 10, ¶ 12.

Through their Motion to Strike, Plaintiffs object to All Seasons' Supplemental Statement of Undisputed Facts, arguing that All Seasons' Supplemental Statement of Undisputed Facts (1) was submitted six days after the Court's above-referenced April 20, 2010 deadline; (2) vastly exceeds the Court's above-referenced 5-page limit on any supplementation; and (3) presents factual misrepresentations. *See* Mot. to Strike, pp. 2-5 (Docket No. 441). Plaintiffs' arguments are without merit.

First, pursuant to the Court's Orders, Ms. Mullins's affidavit - which did, in fact, supplement the pending motions for summary judgment (but more closely took the form of a

**MEMORANDUM DECISION AND ORDER - 4**

single errata, with no new factual arguments) - was filed on or before April 14, 2010. More practically speaking, however, the thrust of All Seasons' Motion for Summary Judgment, represented by All Seasons' Statement of Undisputed Facts and Supplemental Statement of Undisputed Facts, remained the same from the time All Seasons first filed its Motion for Summary Judgment - March 15, 2010 - to the time All Seasons filed its Supplemental Statement of Undisputed Facts - April 20, 2010. Therefore, even if Plaintiffs' untimeliness argument applied, there is no obvious detriment to Plaintiffs in any technical delay.

Second, Plaintiffs overstate the content of All Seasons Supplemental Statement of Undisputed Facts. Looking only at Plaintiffs imply that All Seasons filed an altogether new, 18-page supplement to their existing Motion for Summary Judgment. This is not the case, when understanding that All Seasons' nearly identical original Statement of Undisputed Facts was, also, 18 pages. To be clear, All Seasons' Supplemental Statement of Undisputed Facts substitutes out five words - "First Horizon (to be supplemented)" - for two words - "Peggy Mullins." If anything, All Seasons' Supplemental Statement of Undisputed Facts is actually shorter; plus, it provides a reference to the record that was not previously included (indeed, did not exist) within All Seasons' original Statement of Undisputed Facts.

Third, any challenges to the way All Seasons represented the content of Ms. Mullins's affidavit is not an appropriate basis to strike All Seasons Supplemental Statement of Undisputed Facts. Such arguments should, instead, be presented in the context of opposing All Seasons' Motion for Summary Judgment and/or a separate statement of disputed facts.

For these reasons, Plaintiffs' Motion to Strike All Season Defendants' Supplemental Statement of Facts is denied.

**MEMORANDUM DECISION AND ORDER - 5**

**II.     Defendant Thomas A. Sarty's Motion to Strike
         (Docket No. 443)**

Defendant Thomas A. Sarty filed his Motion for Summary Judgment on March 15, 2010

(Docket No. 403).  On April 15, 2010, Plaintiffs opposed Sarty's Motion for Summary Judgment

(Docket No. 437) and, in doing so, also filed a Statement of Facts in Opposition to Defendant

Thomas Sarty's Motion for Summary Judgment (Docket No. 436).  Plaintiffs' Statement of Facts

in Opposition to Defendant Thomas Sarty's Motion for Summary Judgment referenced 21

exhibits.  Through his Motion to Strike, Sarty challenges the admissibility of 12 of those 21

exhibits, arguing:

> Thus, exhibits 2, 3, 4, 5, 6, 7, 8, 10, 12, 15, 18, and 21, respectively,
> should be stricken from the record on the basis that such exhibits lack
> the necessary authentication and the affiant (counsel for Plaintiffs)
> does not represent a 'person through whom the exhibits could be
> admitted into evidence.'

*See* Mot. to Strike, p. 2 (Docket No. 443) (citations omitted).  Each of these challenged exhibits

will be taken up, in turn, below.

    A.     <u>Exhibits 2 and 3</u>

Exhibit 2 "is a true and correct copy of the Idaho Board of Real Estate Appraiser's

decision to revoke Craig Smith's license"; similarly, Exhibit 3 "is a true and correct copy of the

Idaho Board of Real Estate Appraiser's decision to revoke Kevin Weed's license."  *See*

Meyerson Aff., ¶¶ 5 & 6 (Docket No. 436, Att. 1).  Plaintiffs argue that the Board's decisions are

"self-authenticated public record and government documents under Fed. R. Evid. 902."  *See*

Opp. to Mot. to Strike, p. 4 (Docket No. 461).  The Court is not so sure that Exhibits 2 and 3 fit

within FRE 902, but nonetheless takes judicial notice of these materials.  Sarty offers no reply.

**MEMORANDUM DECISION AND ORDER - 6**

Therefore, based upon the record provided thus far, Exhibits 2 and 3 are not stricken for the purposes of Plaintiffs' opposition to Sarty's Motion for Summary Judgment.

B.     Exhibit 4

Exhibit 4 "is a true and correct copy of Eagle River's Website, Bates Label Nos. 024667-024670." *See* Meyerson Aff., ¶ 7 (Docket No. 436, Att. 1). Plaintiffs argue that the website was authenticated by Sarty himself, during his deposition. *See* Opp. to Mot. to Strike, p. 4 (Docket No. 461). The Court agrees (but only as of the applicable date of Exhibit 4). The website pages were apparently produced during discovery as referenced by the Bates Label numbers and, importantly, were identified as exhibits during Sarty's deposition. Sarty offers no reply. Therefore, based upon the record provided thus far, Exhibit 4 is not stricken for the purposes of Plaintiffs' opposition to Sarty's Motion for Summary Judgment.

C.     Exhibit 5

Exhibit 5 "is a true and correct copy of Ms. Anderson's "introductory letter" outlining instant equity of the Mountain Meadows houses. *See* Meyerson Aff., ¶ 8 (Docket No. 436, Att. 1). Plaintiffs argue that Exhibit 5 "is self-authenticated as it was produced by Ms. Anderson and All Season" and, "[r]egardless, Ms. Anderson authenticated the letter in her deposition." *See* Opp. to Mot. to Strike, p. 4 (Docket No. 461). Based upon the record provided thus far, the Court agrees. Exhibit 5 was produced by All Seasons through discovery - as exhibited by the ASRR000051 Bates Label number - and, apparently, was identified as an exhibit during Ms. Anderson's deposition. Sarty offers no reply. Therefore, Exhibit 5 is not stricken for the purposes of Plaintiffs' opposition to Sarty's Motion for Summary Judgment.

**MEMORANDUM DECISION AND ORDER - 7**

D.      Exhibits 6, 7, and 18

Exhibit 6 "is a true and correct copy of emails from Aaron Wernli and Robb McFadden concerning '$350-400K Equity out of the Gates (I KNOW!!!).'"  *See* Meyerson Aff., ¶ 9 (Docket No. 436, Att. 1).  Exhibit 7 "is a true and correct copy of an email from Rob McFadden, Bates Label No. 2470."  *See id*. at ¶ 10.  Exhibit 18 "is a true and correct copy of an email received from Aaron Wernli."  *See id*. At ¶ 21.  Plaintiffs argue that these exhibits were already authenticated by Aaron Wernli during his deposition.  *See* Opp. to Mot. to Strike, p. 5 (Docket No. 461).  Sarty offers no reply.  Based upon the record provided thus far, the Court agrees with Plaintiffs.  Therefore, Exhibits 6, 7, and 18 are not stricken for the purposes of Plaintiffs' opposition to Sarty's Motion for Summary Judgment.

E.      Exhibit 8

Exhibit 8 "is a true and correct copy of notes from Plaintiff Mike Regennitter of a conversation with Joe Tiedeken and 'Tom' from Eagle River Mortgage referencing the '$1.4M Appraisal' and the instruction for him to '*Leave Income Blank,' Bates Label No. 5693."  *See* Meyerson Aff., ¶ 11 (Docket No. 436, Att. 1).  Plaintiffs argue that Exhibit 8 "was created by [Plaintiff] Michael Regennitter and will be authenticated by him at trial."  *See* Opp. to Mot. to Strike, p. 5 (Docket No. 461).  Though Sarty offers no reply, the fact that Exhibit 8 may be authenticated during trial, does not respond to the need for Plaintiff to authenticate Exhibit 8 before that time when, for example, authentication is required for an exhibit submitted in support of a pre-trial motion for summary judgment.  Without the authentication at this point, Exhibit 8 shall be stricken for the purposes of Plaintiffs' opposition to Sarty's Motion for Summary Judgment.  This ruling has no effect on the admissibility of Exhibit 8 at trial.

**MEMORANDUM DECISION AND ORDER - 8**

F.     Exhibit 10

Exhibit 10 "is a true and correct copy of letters between counsel regarding non-Teton Springs loan applications." *See* Meyerson Aff., ¶ 13 (Docket No. 436, Att. 1). Plaintiffs argues that the affiant, Mr. Meyerson, "reviewed the letters prior to their transmission," thus authenticating Exhibit 10. *See* Opp. to Mot. to Strike, p. 5 (Docket No. 461). The Court agrees. The correspondence is from the affiant's own law firm, that, with the affidavit itself, creates an imprimatur of legitimacy/authentication. Sarty offers no reply. Therefore, Exhibit 10 is not stricken for the purposes of Plaintiffs' opposition to Sarty's Motion for Summary Judgment.

G.     Exhibit 12

Exhibit 12 "is a true and correct copy of a spreadsheet created by Mike Regennitter regarding his interactions with Eagle River and Thomas Sarty." *See* Meyerson Aff., ¶ 15 (Docket No. 436, Att. 1). Plaintiffs argue that Exhibit 12 was "created by [Plaintiff Mike] Regennitter, [and] was authenticated and attached as Exhibit 21 to his deposition." *See* Opp. to Mot. to Strike, p. 5 (Docket No. 461). Sarty offers no reply. Based upon the record provided thus far, the Court agrees with Plaintiffs. Therefore, Exhibit 12 is not stricken for the purposes of Plaintiffs' opposition to Sarty's Motion for Summary Judgment.

H.     Exhibit 15

Exhibit 15 "are true and correct copies of IRS Form 4506-T, completed by several Plaintiffs granting Eagle River and Thomas Sarty access to Plaintiffs' tax return information from the IRS." *See* Meyerson Aff., ¶ 18 (Docket No. 436, Att. 1). Plaintiffs argue that Exhibit 15 "was produced by Sarty himself." *See* Opp. to Mot. to Strike, p. 5 (Docket No. 461). Sarty offers no reply. Although there is nothing indicating that Sarty produced what became Exhibit

15, based upon the record provided thus far, the Court agrees with Plaintiffs. Therefore, Exhibit 15 is not stricken for the purposes of Plaintiffs' opposition to Sarty's Motion for Summary Judgment.

I.     Exhibit 21

Exhibit 21 "is a true and correct copy of one of [Craig] Smith's appraisal reports which does not reflect the kickback to NuWay." *See* Meyerson Aff., ¶ 24 (Docket No. 436, Att. 1). Plaintiffs argue that Exhibit 21 "was authenticated by Craig Smith and attached as Exhibit 13 to his deposition." *See* Opp. to Mot. to Strike, p. 5 (Docket No. 461). Sarty offers no reply. Based upon the record provided thus far, the Court agrees with Plaintiffs. Therefore, Exhibit 21 is not stricken for the purposes of Plaintiffs' opposition to Sarty's Motion for Summary Judgment.

**III.    Defendant All Seasons' Motion to Strike Exhibits 2, 3, 6, 8-24, & 30 From the Affidavit of Mark McLean and Attachments to Plaintiffs' Statement of Facts (Docket No. 458)**

On March 15, 2010, Defendant All Seasons filed its Motion for Summary Judgment (Docket No. 394). On May 5, 2010, Plaintiffs opposed All Seasons' Motion for Summary Judgment (Docket No. 453) and, in doing so, also filed a Statement of Facts in Opposition to All Seasons'[1] Motion for Summary Judgment (Docket No. 448). Plaintiffs' Statement of Facts in Opposition to Defendant All Seasons' Motion for Summary Judgment referenced 30 exhibits. Through its Motion to Strike, All Seasons challenges the admissibility of 21 of those 30 exhibits, arguing that Plaintiffs' counsel "lacks personal knowledge to authenticate or establish an evidentiary foundation for the admissibility of any of the challenged documents attached to his

---

[1] The Court's resolution of All Seasons' Motion to Strike likewise applies to Teton Springs' Joinder in All Seasons' Motion to Strike (Docket No. 462).

affidavit." *See* Mot. to Strike, p. 2 (Docket No. 458); *see also* Mem. in Supp. of Mot. to Strike, p. 3 (Docket No. 458, Att. 1). Each of these challenged exhibits will be taken up, in turn, below.

A.    <u>Exhibit 2</u>

Exhibit 2 "is a true and correct copy of an email from Bill Reid to All Seasons Resort Realty staff dated July 21, 2005." *See* McLean Aff., ¶ 5 (Docket No. 448, Att. 1). Plaintiffs argue that Exhibit 2 (1) "was produced by All Seasons itself"; (2) "[r]egardless, Exhibit 2 was authenticated by Sarah Anderson in her deposition and attached as Exhibit 15 to the same"; and (3) "Exhibit 2 has been previously filed in this matter on at least four occasions - without objection from Defendants." *See* Opp. to Mot. to Strike, p. 4 (Docket No. 467). All Seasons does not dispute that it produced Exhibit 2[2] or that Exhibit 2 was authenticated by Sarah Anderson in her deposition. Therefore, the Court finds Exhibit 2 to be properly authenticated. However, as All Seasons points out, Exhibit 2 contains inadmissible hearsay. *See* Reply in Supp. of Mot. to Strike, p. 7 (Docket No. 470). Plaintiffs do not specifically address this discrete point.[3] Because Exhibit 2 contains hearsay statements not based on the affiant's personal

---

[2] All Seasons argues that documents produced during the course of discovery must contain "sufficient information to identify the document as what he claims it to be." *See* Reply in Supp. of Mot. to Strike, p. 7 (Docket No. 470). While not disagreeing with All Seasons, the Court finds that Plaintiff's deposition, coupled with Mr. McLean's Affidavit, sufficiently establishes that All Seasons, in fact, produced Exhibit 2 and that Exhibit 2 is, in fact, what Plaintiffs claim it to be.

[3] As to Plaintiffs argument that All Seasons has waived any objection to Exhibit 2 by virtue of its inclusion in previous affidavits (*see* Opp. to Mot. to Strike, p. 13 (Docket No. 467)), the Court does not agree; such prior instances were not presented to the Court in the context of the current, at-issue motions. Therefore, just as previous rulings on the admissibility of exhibits on other motions may not necessarily have any evidentiary effect here, the fact that All Seasons may not have previously objected to Exhibit 2 is not necessarily dispositive on the evidentiary issue here.

**MEMORANDUM DECISION AND ORDER - 11**

knowledge, it will be stricken for the purposes of Plaintiffs' opposition to All Seasons' Motion for Summary Judgment. *See Block v. City of Los Angeles*, 253 F.3d 410, 418-19 (9th Cir. 2001) (holding that an affidavit which contained hearsay statements that were not based on personal knowledge and failed to set forth facts that would be admissible in evidence did not meet the requirements of Rule 56(d)). This ruling has no effect on the admissibility of Exhibit 2 at trial.

B.     Exhibit 3

Exhibit 3 "is a true and correct copy of the contract between Teton Springs and Bond Realty and the agency contract between Teton Springs, NuWay, and All Seasons titled: 'Agreement Between Teton Springs and NuWay to Sell Properties in Teton Springs Known as Mountain Meadows.'" *See* McLean Aff., ¶ 5 (Docket No. 448, Att. 1). Plaintiffs argue that Exhibit 3 (1) "was produced by Teton Springs itself"; (2) "[r]egardless, it was authenticated by both J.T. Bramlette and Anthony Vest in deposition"; (3) "was attached as Exhibit 7 to Vest's Deposition and Exhibit 2 to Bramlette's Deposition"; and (4) has been previously filed with this Court on at least two (2) occasions - without objection from Defendants." *See* Opp. to Mot. to Strike, p. 4 (Docket No. 467). All Seasons does not dispute that Exhibit 3 was already authenticated by J.T. Bramlette and Anthony Vest during their respective depositions. Therefore, based upon the record provided thus far, Exhibit 3 is not stricken for the purposes of Plaintiffs' opposition to All Seasons' Motion for Summary Judgment.

C.     Exhibit 6

Exhibit 6 "is a true and correct copy of an email from Sarah Anderson to Scott Read, dated September 18, 2006." *See* McLean Aff., ¶ 9 (Docket No. 448, Att. 1). In addition to noting that Exhibit 6 was already attached as an exhibit to Sarah Anderson's deposition,

Plaintiffs also state that it had been previously filed with the Court on three prior occasions. *See* Opp. to Mot. to Strike, p. 4 (Docket No. 467). Regardless, Plaintiffs contemporaneously attach the Supplemental Affidavit of Scott Read, attaching as and authenticating Exhibit A thereto, the at-issue Exhibit 6. *See id*. at p. 5; *see also* Supp. Read Aff., ¶ 4 (Docket No. 467, Att. 17). The Court is not aware of any challenge from All Seasons as to this supplement. Therefore, based upon the record provided thus far, Exhibit 6 is not stricken for the purposes of Plaintiffs' opposition to All Seasons' Motion for Summary Judgment.

D.    Exhibit 8

Exhibit 8 "is a true and correct copy of an addendum to the Teton Springs-NuWay Exclusive Agreement." *See* McLean Aff., ¶ 11 (Docket No. 448, Att. 1). Plaintiffs argue that "Exhibit 8 was produced by Teton Springs itself" and "is part of Exhibit 3." The Court agrees that Exhibit 8 is properly authenticated. In addition to Exhibit 8 apparently being incorporated within Exhibit 3 (*see supra* at p. 12), it was produced during this action's discovery period.[4] For these reasons, based upon the record provided thus far, Exhibit 8 is not stricken for the purposes of Plaintiffs' opposition to All Seasons' Motion for Summary Judgment.

---

[4] All Seasons argues that judicial admission are "only allowable where the produced documents are offered by a party opponent against the party who produced the same." *See* Reply in Supp. of Mot. to Strike, p. 6 (Docket No. 470) (citing *MGM Studios, Inc. v. Grokster, Ltd.*, 454 F. Supp. 2d 966 (C.D. Cal. 2006)). The Court takes a less strict approach, while finding that All Seasons' interpretation of *MGM Studios* is too narrow. For the purposes of the pending motions for summary judgment, the fact that *a* party to this action produced certain materials in response to discovery requests (and assuming that such responses were properly authenticated) suggests to this Court that those materials lay sufficient foundation that the documents are what Plaintiffs purport them to be. *See, e.g.*, *Hess v. Multnomah County*, 211 F.R.D. 403, 406 (D. Or. 2001) ("The declaration of an attorney is sufficient to authenticate such discovery documents, such as answers to deposition questions, interrogatories or requests for admissions.").

**MEMORANDUM DECISION AND ORDER - 13**

E.    <u>Exhibit 9</u>

Exhibit 9 "is a true and correct copy of Marc White's Lot Sale Contract."  *See* McLean Aff., ¶ 12 (Docket No. 448, Att. 1).  Plaintiffs argue that Exhibit 9 was (1) already produced by Teton Springs; (2) authenticated in Mr. White's deposition; and (3) previously filed with the Court without objection.  All Seasons does not address whether or not Exhibit 9 was previously authenticated via Mr. White's deposition.  Moreover, for reasons already stated concerning discovery responses (*see supra* at p. 13, n. 4), the Court finds that Exhibit 9 is what Plaintiffs purport it to be.  Therefore, based upon the record provided thus far, Exhibit 9 is not stricken for the purposes of Plaintiffs' opposition to All Seasons' Motion for Summary Judgment.

F.    <u>Exhibit 10</u>

Exhibit 10 "is a true and correct copy of an email from Aaron Wernli dated March 21, 2006.  *See* McLean Aff., ¶ 13 (Docket No. 448, Att. 1).  Plaintiffs argue that Exhibit 10 was (1) sent to, among others, Plaintiff Chris Frye who authenticated it during his deposition, and (2) already filed with this Court, without objection.  *See* Opp. to Mot. to Strike, p. 5 (Docket No. 467).  While All Seasons points out that Chris Frye was not the author of Exhibit 10 (*see* Reply in Supp. of Mot. to Strike, p. 9 (Docket No. 470), one of its recipients, Chris Frye, has allegedly already authenticated it during his deposition.  *See, e.g.*, *In re Second Chance Body Armor, Inc.*, 434 B.R. 502, 504 (Bkrtcy. W.D. Mich. 2010) (in discussing FRE 901, "[w]hen the document involved is an e-mail communication, a 'participant in, or recipient of, that communication' will generally be able to authenticate the communication, so long as the person 'was able to perceive who communicated what.'"); *see also Fenje v. Feld*, 301 F. Supp. 2d 781, 809 (N.D. Ill. 2003) ("E-mail communications may be authenticated as being from the purported author based on an

affidavit of the recipient . . . ."); *Maier v. Pacific Heritage Homes, Inc.*, 72 F. Supp. 2d 1184, 1190 (D. Or. 1999) ("Since Rockwell was a . . . recipient of the memorandum, his affidavit suffices to authenticate the exhibits[, including the memorandum]."). Therefore, based upon the record provided thus far, Exhibit 10 is not stricken for the purposes of Plaintiffs' opposition to All Seasons' Motion for Summary Judgment.

G. <u>Exhibit 11</u>

Exhibit 11 "is a true and correct copy of an email from Rob McFadden dated March 24, 2006." *See* McLean Aff., ¶ 14 (Docket No. 448, Att. 1)  Plaintiffs argue that Chris Frye (a recipient of Exhibit 11) "authenticated Exhibit 11 in his deposition" in addition to it already having been filed with this Court, without objection. *See* Opp. to Mot. to Strike, pp. 5-6 (Docket No. 467).   For the reasons identified with respect to Exhibit 10, based upon the record provided thus far, Exhibit 11 is not stricken for the purposes of Plaintiffs' opposition to All Seasons' Motion for Summary Judgment.

H. <u>Exhibit 12</u>

Exhibit 12 "is a true and correct copy of an email from Rob McFadden dated April 3, 2006." *See* McLean Aff., ¶ 15 (Docket No. 448, Att. 1).  Plaintiffs argue that Exhibit 12 was (1) authenticated through the deposition of Aaron Wernli, (2) was attached to the deposition of J.T. Bramlette; and (3) has been previously filed with this Court, without objection.   *See* Opp. to Mot. to Strike, p. 6 (Docket No. 467).   These reasons are not persuasive.  First, there is no evidence from the briefing (and from this Court's examination of Exhibit 12 itself) that Aaron Wernli was ever a recipient of Exhibit 12.  Second, the fact that Exhibit 12 was attached to the deposition of J.T. Bramlette is, by itself, of no consequence on the issue of Exhibit 12's authentication.  Third, Exhibit 12's previous filing, under different circumstances, does not

operate as a waiver or its *de facto* authentication (*see supra* at p. 11, n. 3). Therefore, Exhibit 12 will be stricken for the purposes of Plaintiffs' opposition to All Seasons' Motion for Summary Judgment. This ruling has no effect on the admissibility of Exhibit 12 at trial.

I.    <u>Exhibit 13</u>

Exhibit 13 "is a true and correct copy of another email from NuWay to Plaintiffs." *See* McLean Aff., ¶ 16 (Docket No. 448, Att. 1). Plaintiffs point out that Exhibit 13 is the same as Exhibit 11 - which appears true (though the Court questions the need for an altogether separate exhibit). Therefore, for the reasons identified with respect to Exhibit 11, based upon the record provided thus far, Exhibit 13 is not stricken for the purposes of Plaintiffs' opposition to All Seasons' Motion for Summary Judgment.

J.    <u>Exhibit 14</u>

Exhibit 14 "is a true and correct copy of Sarah Anderson's 'Introductory Letter' regarding Mountain Meadows." *See* McLean Aff., ¶ 17 (Docket No. 448, Att. 1). Plaintiffs argue that Exhibit 14 was (1) produced by All Seasons, (2) authenticated during Ms. Anderson's deposition, and (3) has already been filed, without objection. *See* Opp. to Mot. to Strike, p. 6 (Docket No. 467). Because Exhibit 14 was allegedly produced by All Seasons in discovery and, further, has already been authenticated by Ms. Anderson herself, Exhibit 14 is sufficiently authenticated. Therefore, based upon the record provided thus far, Exhibit 14 is not stricken for the purposes of Plaintiffs' opposition to All Seasons' Motion for Summary Judgment.

K.    <u>Exhibit 15</u>

Exhibit 15 "is a true and correct copy of an email from Aaron Wernli to Shawn Mariano dated July 29, 2007." *See* McLean Aff., ¶ 18 (Docket No. 448, Att. 1). Plaintiffs argue that Exhibit 15 was already authenticated through Ms. Mariano's, Mr. Wernli's, and Mr. Sarty's

depositions and, also, has already been filed without objection.  *See* Opp. to Mot. to Strike, p. 6 (Docket No. 467).  All Seasons' arguments do not address Plaintiffs' authentication via Ms. Mariano's, Mr. Wernli's, and Mr. Sarty's depositions argument.  Therefore, based upon the record provided thus far, Exhibit 15 is not stricken for the purposes of Plaintiffs' opposition to All Seasons' Motion for Summary Judgment.

       L.     <u>Exhibit 16</u>

Exhibit 16 "is a true and correct copy of IRS 4506-T Forms Plaintiffs provided Sarty and Eagle River."  *See* McLean Aff., ¶ 19 (Docket No. 448, Att. 1).  Plaintiffs argue that Exhibit 16 (1) was produced by Defendants Thomas Sarty and Eagle River, (2) has no hearsay concerns, and (3) has been previously filed without objection.  *See* Opp. to Mot. to Strike, p. 7 (Docket No. 467).  Because Exhibit 16 was apparently produced by certain Defendants in response to discovery requests, the Court is not concerned about Exhibit 16's authentication at this point.  In response to All Seasons' hearsay arguments (*see* Reply in Supp. of Mot. to Strike, p. 7 (Docket No. 47)), it is not clear the extent of Exhibit 16's use - whether used to prove the truth of the content contained therein or, rather, the mere existence of IRS 4506-T Forms.  The Court determines that Exhibit 16 will not be excluded for the purpose of this latter point.  Therefore, consistent with this rationale and based upon the record provided thus far, Exhibit 16 is not stricken for the purposes of Plaintiffs' opposition to All Seasons' Motion for Summary Judgment.

       M.     <u>Exhibit 17</u>

Exhibit 17 "is a true and correct copy of NuWay's website."  *See* McLean Aff., ¶ 20 (Docket No. 448, Att. 1).  Plaintiffs argue that Exhibit 17 was authenticated through J.T. Bramlette's deposition testimony and also attached as an exhibit to the same.  *See* Opp. to Mot.

**MEMORANDUM DECISION AND ORDER - 17**

to Strike. All Seasons does appear to respond to this position. Therefore, Exhibit 17 is not stricken (at least insofar as the applicable date of Exhibit 17) for the purposes of Plaintiffs' opposition to All Seasons' Motion for Summary Judgment.

N.     Exhibit 18

Exhibit 18 "is a true and correct copy of the transcript of a marketing video for Axiom Realty starring Sarah Anderson and J.T. Bramlette." *See* McLean Aff., ¶ 21 (Docket No. 448, Att. 1). Plaintiffs argue that the contents of Exhibit 18 were authenticated through both Mr. Bramlette's and Ms. Anderson's depositions and, also, has already been filed with the Court without objection. *See* Opp. to Mot. to Strike, p. 7 (Docket No. 467). All Seasons' arguments do not address Plaintiffs' authentication via Mr. Bramlette's and Ms. Anderson's depositions argument. Therefore, based upon the record provided thus far, Exhibit 18 is not stricken for the purposes of Plaintiffs' opposition to All Seasons' Motion for Summary Judgment.

O.     Exhibit 19

Exhibit 19 "is a true and correct copy of the Second Statement and Opinion of J. Dee May, Esquire." *See* McLean Aff., ¶ 22 (Docket No. 448, Att. 1). Plaintiff's argue that Exhibit 19 "was authenticated and introduced by Defendants as Exhibit 2 to Mr. May's deposition, thus admissible . . . through his authentication and Rule 703." *See* Opp. to Mot. to Strike, p. 7 (Docket No. 467). In response, All Seasons argues that Exhibit 19 fails to comply with FRCP 56(e) because it (1) fails to lay proper foundation for J. Dee May to testify as expert witnesses, (2) fails to include the materials upon which J. Dee May bases his opinions, and (3) fails to indicate the reasoning process underlying the opinions, while failing to provide the proper background information which allegedly supports the experts' opinions. *See* Reply in Supp. of

Mot. to Strike, p. 10 (Docket No. 470).  **While All Seasons' arguments may resonate with respect to a particular challenge to J. Dee May's testimony at trial, for the purposes of the December 15, 2010 hearing, the Court hear argument on the admissibility of Exhibit 19 at this stage of the proceedings.**

P.      Exhibit 20

Exhibit 20 "is a true and correct copy of the report of Scott Robinson."  *See* McLean Aff., ¶ 23 (Docket No. 448, Att. 1).  The arguments presented with respect to Exhibit are similar to those relating to Exhibit 19.  Therefore, the same analysis applies here.  **For the purposes of the December 15, 2010 hearing, the Court hear argument on the admissibility of Exhibit 19 at this stage of the proceedings.**

Q.      Exhibit 21

Exhibit 21 "is a true and correct copy of the report of J.T. Bramlette's Purchase and Sale Agreement of the Mountain Meadows Model Home."  *See* McLean Aff., ¶ 24 (Docket No. 448, Att. 1).  Plaintiffs argue that Exhibit 21 was (1) produced by All Seasons, (2) authenticated by Mr. Bramlette during his deposition, and (3) previously filed with the Court without objection. *See* Opp. to Mot. to Strike, p. 8 (Docket No. 467).  Consistent with the balance of this Memorandum Decision and Order, and based upon the record provided thus far, Exhibit 21 is not stricken for the purposes of Plaintiffs' opposition to All Seasons' Motion for Summary Judgment.

R.      Exhibit 22

Exhibit 22 "is a true and correct copy of an email between Sarah Anderson and Tom Sarty instructing him to leave the $400,000 kickback to NuWay off of the HUD-1 Closing

Statement." *See* McLean Aff., ¶ 26 (Docket No. 448, Att. 1).[5]  Plaintiff argues that Exhibit 22

was (1) produced by Ms. Anderson through the forensic mirroring of her hard drive, (2)

authenticated by Ms. Anderson in her deposition, and (3) was previously filed with the Court

without objection.  *See* Opp. to Mot. to Strike, pp. 8-9 (Docket No. 467).  Because Exhibit 22

was apparently produced and already authenticated by Ms. Anderson during her deposition, the

Court is not concerned about Exhibit 16's authentication at this point.  However, All Seasons

argues that Exhibit 22 contains inadmissible hearsay.  *See* Reply in Supp. of Mot. to Strike, pp.

7-8 (Docket No. 470).  The fact that the email was between Ms. Anderson and Tom Sarty does

not necessarily get around the hearsay rule when, within the correspondence, there is a reference

to what "Aegis Wholesale" allegedly asked to be done.  At this point, given the relatively fluid

nature of the allegations vis a vis who is who for the purposes of a principal/agent analysis

and/or any successor-in-interest implications, the Court will not strike Exhibit 22 at this juncture.

Still, if the Court's resolution of All Seasons' Motion for Summary Judgment turns on Exhibit

22, the Court reserves the right to revisit Exhibit 22's admissibility for that purpose.  Therefore,

to be clear, based upon the record provided thus far, Exhibit 22 is not stricken for the purposes of

Plaintiffs' opposition to All Seasons' Motion for Summary Judgment.

S.      Exhibit 23

Exhibit 23 "is a true and correct copy of the MLS submissions of Teton Springs model

homes."  *See* McLean Aff., ¶ 25 (Docket No. 448, Att. 1).  Plaintiffs argue that Exhibit 22 was

(1) produced by All Seasons, (2) authenticated by Ms. Anderson in her deposition, and (3)

---

[5]  Plaintiffs appear to re-arrange the order of exhibits; that is, within Mr. McLean's
Affidavit, Exhibit 22 is really Exhibit 23 and vice versa.

**MEMORANDUM DECISION AND ORDER - 20**

previously filed with the Court without objection. *See* Opp. to Mot. to Strike, p. 8 (Docket No. 467). Consistent with the balance of this Memorandum Decision and Order, and based upon the record provided thus far, Exhibit 23 is not stricken for the purposes of Plaintiffs' opposition to All Seasons' Motion for Summary Judgment.

       T.     <u>Exhibit 24</u>

Exhibit 24 "is a true and correct copy of Scott Read's appraisal report." *See* McLean Aff., ¶ 27 (Docket No. 448, Att. 1). In addition to noting that Exhibit 24 has already been filed with this Court, Plaintiffs also contemporaneously attach the Supplement Affidavit of Scott Read, attaching as Exhibit B thereto, the at-issue Exhibit 24. *See* Opp. to Mot. to Strike, p. 9 (Docket No. 467); *see also* Supp. Aff., ¶ 5 (Docket No. 467, Att. 17). All Seasons' hearsay objection (*see* Reply in Supp. of Mot. to Strike, pp. 9-10 (Docket No. 470)) will be dismissed at this point in favor of recognizing Exhibit 24 only as what Mr. Read received from River's Edge Appraisal Service - not necessarily to prove the truth of the matter asserted therein. Therefore, the Court will not strike Exhibit 24 at this juncture. Still, if the Court's resolution of All Seasons' Motion for Summary Judgment turns on Exhibit 24, the Court reserves the right to revisit Exhibit 24's admissibility for that purpose. Therefore, to be clear, based upon the record provided thus far, Exhibit 24 is not stricken for the purposes of Plaintiffs' opposition to All Seasons' Motion for Summary Judgment.

       U.     <u>Exhibit 30</u>

Exhibit 30 "is a true and correct copy of the Idaho Board of Real Estate Appraisers' revocation of Craig Smith's licence." *See* McLean Aff., ¶ 33 (Docket No. 448, Att. 1). Plaintiffs argue that Exhibit 30 (1) was authenticated through Mr. Smith's deposition, (2) is a government

document curing any hearsay concerns through FRE 803(8), and (3) has already been filed with the Court without objection. *See* Opp. to Mot. to Strike, p. 9 (Docket No. 467). Consistent with the balance of this Memorandum Decision and Order, and based upon the record provided thus far, Exhibit 30 is not stricken for the purposes of Plaintiffs' opposition to All Seasons' Motion for Summary Judgment.

## ORDER

In accordance with the foregoing, it is HEREBY ORDERED that:

1.  Plaintiffs' Motion to Strike All Season Defendants' Supplemental Statement of Facts (Docket No. 441) is DENIED;

2.  Defendant Thomas A. Sarty's Motion to Strike (Docket No. 443) is GRANTED in part and DENIED in part; and

3.  Defendant All Seasons' Motion to Strike Exhibits 2, 3, 6, 8-24, & 30 From the Affidavit of Mark McLean and Attachments to Plaintiffs' Statement of Facts (Docket No. 458) is GRANTED in part and DENIED in part.[6]

4.  **Counsel is to take notice of the Court's intent to hear oral argument as to Exhibits 19 and 20**

---

[6] All Seasons also generally objects to the inclusion of certain exhibits/documents attached within Plaintiffs' Statement of Undisputed Facts. The Court will take up these materials in the course of its consideration of All Seasons' Motion for Summary Judgment. *See* Reply in Supp. of Mot. to Strike, p. 2, n. 1 (Docket No. 470). The Court also orders that complete and clear copies of Docket Nos. 451-5 and 451-15 be re-filed, if they have not already been, to complete the record. Moreover, to reiterate, any findings contained in this Memorandum Decision and Order do not dictate the (in)admissibility of the referenced exhibits at/during trial.

**MEMORANDUM DECISION AND ORDER - 22**



DATED: **December 14, 2010**

Honorable Ronald E. Bush
U. S. Magistrate Judge