# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SCOTT READ, *et al.*,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>TETON SPRINGS GOLF & CASTING CLUB, LLC, *et al.*,<br><br>　　　　Defendants. | MEMORANDUM OPINION DENYING PLAINTIFFS' MOTION IN LIMINE NO. 1<br><br>Case No. 2:08-CV-099<br>Consolidated Case No. 08-CV-288 |
| TETON SPRINGS GOLF & CASTING CLUB, LLC, *et al.*,<br><br>　　　　Counter-Plaintiffs,<br><br>v.<br><br>SCOTT READ, et al.,<br><br>　　　　Counter-Defendants. | |

Before the court is Plaintiffs' Motion in Limine No. 1 which seeks a ruling declaring the First Horizon settlement agreements inadmissible pursuant to Rule 408 of The Federal Rules of Evidence. Defendants respond to the motion by claiming admission of the settlement agreements

will not violate Rule 408 because they will not be offered to disprove the validity or amount of a disputed claim, but rather as evidence relevant to Plaintiffs' alleged damages.

The court heard oral argument on this motion, and others, at a hearing in Pocatello, Idaho on March 23, 2012. At the conclusion of the hearing, the court asked for additional briefing on the motion and on the related question regarding the effect, if any, that the First Horizon settlement agreements may have on Plaintiffs' alleged damages. The court has now received the supplemental briefing and announces its ruling by this Memorandum Opinion.

In light of the supplemental briefing, the court denies Plaintiffs' motion in limine. Plaintiffs, while continuing to argue that the agreements are inadmissible as irrelevant under Rule 402 and also in violation of Rule 408, state in their supplemental brief that if the motion is denied "the court should admit the settlement agreement with First Horizon in order to prevent misstatement of the law . . . ." (Pls. Suppl. Br., Dkt. No. 557 ("Pls. Suppl. Br.") at 10.) Accordingly, agreeing with Defendants that the evidence is not being offered in violation of Rule 408 and is otherwise admissible, Plaintiffs' motion is denied.

Regarding the second issue addressed in the supplemental briefing – the effect of the agreements on Plaintiffs' damages – the court will allow Defendants to introduce the settlement agreements as evidence and to present appropriate argument to the jury regarding the effect the agreements have on Plaintiffs' damages. The court will await trial to construct final jury instructions on damages. Based on the supplemental briefing, however, the court is inclined to allow Plaintiffs to seek damages as permitted by the Interstate Land Sales Full Disclosure Act's anti-fraud provisions (see 15 U.S.C. §§ 1701-20 (1976 & Supp. V 1981)) and common law fraud principles. The court is inclined to permit damages based on Plaintiffs' actual losses proximately caused by the alleged fraud and to allow the Defendants to argue that the releases by the banks pursuant to the settlement agreements mitigated Plaintiffs' damages.

The court is aware of no timely claim, in Plaintiffs' Second Amended Complaint or otherwise, for damages based on theories of disgorgement or unjust enrichment and is not inclined to include such theories with the jury instructions.

DATED this 27th day of April, 2012.

BY THE COURT:

_____
Dee Benson
United States District Court Judge